Helen Parsonage, Petitioner without objection in the state's prosecution against me. And it says any stipulation of facts given by me. That sends us to a second inquiry to look and see if the defendant himself admitted on the record to the sufficient facts to warrant a finding of guilt. I guess the question is whether or not the admission of responsibility by itself combined with the signature or the recognition of the information and the indictment, whether that together is enough to satisfy this requirement of admission to the elements of the offense and a factual basis for the offense. Is it? In fact, an indictment is nowhere considered the equivalent of a factual basis. What about the information? Well, that's the charging document or the indictment. We don't have an indictment in this case. We don't, Your Honor. And under North Carolina law, for somebody to enter any kind of dispose of a case, if you like, in one way or another before the grand jury has indicted, there has to be an information. And under North Carolina General Statute 15A642, the defendant has to waive indictment, which is what the defendant does here at the bottom of the information. What is your admission of responsibility mean in this context then? I think we have to look at the words as they're actually used. An admission of responsibility, it doesn't foreclose a trial. If this agreement is breached in any way, the individual, the defendant, has the opportunity to go forward to trial under North Carolina law. This is not a finding of guilt such that the court would then move straight to sentencing. But the statute reads, this is the Immigration Act, says has admitted sufficient facts to warrant a finding of guilt. It doesn't mean that pled guilty necessarily. If you look at the statute and the exact text of it, it says has admitted sufficient facts to warrant a finding of guilt. Not that you pled guilty. It doesn't use the word factual basis for a plea. It uses a somewhat different language. Your Honor, it does. Let me give you two examples where that has been somewhat interpreted. This court in DeFosco used the language very similar to say that there has to be a factual basis to make clear exactly what a defendant admits to and whether those admissions are factually sufficient to constitute the alleged crime. That's a very close word. What facts are missing? You keep talking about sufficient facts. All right, tell me what facts are missing. There are no facts admitted to on the record by the defendant, Your Honor. There is a charging document, which is the information, and there is multiple statements and recitations of the language of the statute, but nowhere in any of the three documents referenced by respondents here. That's the information, the deferred prosecution agreement, and the transcript to the hearing in front of the judge. In none of those places is there a recitation of facts by the court, and even that has been held insufficient. It has to be an admission of facts by the defendant. He admits to the facts nowhere. He says here that he stipulates to any facts that maybe have been put forward, but there are none put forward in this case. And in light of the very grave nature of deportation that follows from this, as the Supreme Court said in Jordan v. DeGeorge, no lesser standard should be applied in the immigration context than in the criminal context, whether it's a state or federal or under the sentencing guidelines. The respondents argue that we should be able to somehow infer it. I'm sorry. Look at the kind of larger context. As I see it, in order to prove yourself not removable, in order that you're not removable, you have to prove that this was not an aggravated felony and was not a crime of moral turpitude. It's hard for me to believe, given what I've read, that this is not a crime of moral turpitude or not an aggravated felony, as those terms have been defined. Under the law, you get the idea when you're reading that statute that this kind of crime, this kind of offense, is exactly the kind of thing that Congress wanted in order to have someone removable. I mean, this seems to lie kind of at the heart of the statute. Well, I think on the aggravated felony question, Your Honor, if I may, I think that this Court's recent case of Larios Reyes answers the question for us. In that case, this Court announced the generic definition of sexual abuse of a minor in an immigration context, and it defined it as the perpetrator's physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification. And in that decision, this Court also referenced favorably back to the Alfaro case, stressing that the element of a purpose associated with sexual gratification is a vital part of the generic definition. The board in its Rodriguez case says the sexual abuse of a minor involves employment, persuasion, inducement, coercion of a child to engage in sexually explicit conduct. And it doesn't require under our Amos case that the perpetrator have actually had physical contact with the victim in order to qualify as a sexual abuse of a minor. But isn't that exactly what happened here, the employment, use, persuasion, inducement, enticement of a child to engage in sexually explicit conduct? Your Honor, this Court noted in Larios Reyes that the Board of Immigration Appeals is yes. Isn't that what happened here? I mean, you have a 31-year-old man trying to—he didn't know he was an undercover officer, but he thought he was enticing a 14-year-old girl to meet with him, and it was a pattern of correspondence and everything that had existed for over a month. It wasn't a spur-of-the-moment kind of business, not that that would excuse it. He describes the sexual conduct over the computer and exactly what it's going to feel like and everything. I mean, it just—when I read this case, you know, I just sort of—the impression I had was, well, yeah, this really lies at the heartland of what Congress wanted to say made one removable. This was exactly the kind of thing that Congress was getting at. Well, Your Honor, I'll make two points. That doesn't even touch the point of moral turpitude, and I don't understand how this could not be a crime of moral turpitude. If I may address the aggravated felony question that Your Honor just asked with two points. Number one, the—I'm out of time. May I answer your question, Your Honor? You're here. In this Court's decision in Omagarib, if I'm pronouncing that correctly, this Court underlined the fact that it is not the facts of the case that are relevant in the categorical approach, but it is the language of the statute and the elements of the statute which apply. This Court has given no deference to the Rodriguez-Rodriguez decisions because the Board of Immigration Appeals has in the past and to this day has declined to create a generic definition of sexual abuse of a minor. And in Larios-Reyes, this Court created a generic definition stressing the fact that it needed to include a purpose associated with sexual gratification. As I've stated in my briefing, so I will cut this short, the North Carolina statute has no such requirement and therefore is categorically not a match, regardless of the facts which are immaterial to the analysis. Thank you. And you'll have some rebuttal time as well. Thank you very much. Mr. Remnitz, you have a chance. I may please the Court, Your Honors. Tim Remnitz on behalf of the United States Attorney General. I will focus on the two issues the prior argument focused on, whether or not this constitutes a conviction under the INA and whether or not this constitutes sexual abuse of a minor. To constitute a conviction, there's a definition that Congress codified  The whole point of codifying this language was to respond to decisions of the Board which had previously tried to cabin these cases for withheld adjudications. It varied from state to state. They have all sorts of different rules between North Carolina, Virginia, and New York. And so what it wanted to do was take deferred prosecutions, for example, in North Carolina. Whenever there's been an admission to guilt, that is sufficient under the INA definition. And here, as the panel pointed out, he admitted responsibility to solicitation of a minor under 14. And the facts for that case were laid out in the information. It could only relate to that information. It's not sufficient to admit guilt. He has to admit sufficient facts to warrant a finding of guilt. There's no stipulation of facts. Do you agree with that? No, I don't agree with that. Okay, where is the stipulation of facts? In that agreement. He's stipulating to facts. And in the plea colloquy or in the plea transcript, he's actually stipulating to facts. What facts? The facts and information. The information lays out the elements. You need to point me to the record where the judge said, are you stipulating to the facts as set forth in the information? Where is that in the record? It's not in the record. But the only facts presented were the facts and information. They lay out the elements. They lay out the facts that support each element. And the petitioner cited State v. Ross, a North Carolina case in the reply brief. And Ross walks you through the steps in the Deferred Prosecution Program. And in State v. Ross, they say when you enter this program, you are admitting to guilt in fact for the crime. And so in Ross, there was an information file that charged misdemeanors for tax crimes. And he entered the Deferred Prosecution Program. And he had to admit to guilt in fact to the charges laid out in the information. However, when he violated the deal or his probation, it came back and the prosecution decided to throw on felony charges instead. And that was the argument whether or not the prosecution could change up the charges. But both sides, the majority opinion and the dissent, both agreed that that defendant had admitted to guilt in fact to what was charged in information. Is that because the statute required it or because that was in fact what happened in his case? I don't believe they parsed that out in that decision. They just described the process. And this Court has also described the process for deferred prosecution in North Carolina law. Under the decision of Martinez-Melgar, 2010 decision of this Court, it distinguishes a North Carolina deferred prosecution from a separate type of withheld adjudication, a STEP program in North Carolina. And the distinguishing factor is that in deferred prosecution, the defendant has to go in front of a judge and admit to guilt. And they don't have to do that in the STEP program. But again, I mean, that's all well and good. I mean, when I was a trial judge in North Carolina, and my recollection as to the distinction between these cases is a bit hazy, but there's a reason why the agreement has this language of a stipulation of fact because it seems to me that that would be something that would certainly be appropriate if not required or at least some colloquy between the judge and the defendant in this case or a summary of the facts by the prosecutor. None of that happened here. That did not specifically happen in this case because, as was pointed out, the only facts ever presented were information. It had to relate back to information. Tell me again where the link is between the information, which really, the only purpose of the information is to forego the need for an indictment. The defendant is not admitting any facts as a result of conceding to being tried on information. Do you agree with that? He waived his right to indictment in this case. Right, but by waiving his right to an indictment, he wasn't necessarily agreeing to the facts in the indictment. He was simply allowing the prosecution to proceed on the basis of the information instead of the indictment. I think that's contrary to what State v. Ross says. It's saying that you are admitting to guilt in fact when you enter this program. Guilt in fact, and it parses out guilt in fact versus guilt in law. And why they parse that out is because, yes, it does, there's a chance to go to trial after that. Yeah, but what facts are you admitting to if you don't have a stipulation of facts, if you don't have a colloquy between the judge and the defendant or a summary of those facts by the prosecution? I think you're stipulating to the facts the information. And the information is very detailed. Ross says you're stipulating to the facts and the information. Ross does not specifically say that because it wasn't challenged. But they talk about the program itself, the admission to guilt in fact to the charges. That's the way it's supposed to work. But if it didn't work that way in this case, and it can happen, right, that a defendant doesn't stipulate to a certain set of facts. And there are cases, the Eastern District of Virginia case where Judge Ellis, I believe it was Judge Ellis, found that New York's version of this process wasn't sufficient because New York statute didn't require an admission of facts. It seems to me that we have something akin to this here, even if that wasn't what was intended in this particular context. I think that Iqbal's case is easily distinguishable on the basis of, well, one, it's a different program, it's New York. And two, Iqbal also discussed how no one has to go in front of a judge and admit to any facts and also that the agreement in Iqbal didn't even include the statute that was being charged. Here we have the statute in the agreement. We have box number five saying stipulate to admission of guilt and stipulate to any facts that may be presented. This has been just a question of the defendant pleading guilty to this offense in North Carolina Superior Court. Are you saying that this would be enough to support the finding of guilt? A defendant pled guilty? Yes. Yes, that is specifically in the INA, the first part of the conviction definition. No, no, no, not for purposes of the immigration statute, but for purposes of affirming the sufficiency of the plea. Would that be enough? If you pled guilty in front of a judge. And what happened in this, precisely what happened here, there was no colloquy between the judge and the defendant, no summary of the facts by the prosecutor, no stipulation of facts. A simple plea based on an admission of responsibility and a signature on the information. Would that be enough to support the plea of guilty in this case? I believe it would because North Carolina talks about corpus delecti, right, which is when only an extrajudicial confession cannot be used to prove your guilt because it's extrajudicial. But if you have an admission in front of a judge to your guilt in fact to a crime, that is enough for a conviction. I think I'd be very surprised if that were the case. But I get your point that perhaps that's not what's required here. I'm just having trouble linking any facts that support the plea or the admission of responsibility in this context. Well, for example, Petitioner cites the Rule 11 cases, these federal cases, and Petitioner's counsel cited DeFusco. And that's the Fourth Circuit case from 2001 that they rely upon. And DeFusco cites Pinto, a case from the Eleventh Circuit, with approval this idea that a plea can be accepted on any basis as long as it's supported by something in the record. And Pinto specifically said there's sufficiently detailed information that can serve as a factual basis for a plea. And that was cited with approval by this Court, and we have sufficiently detailed information in this case. It supports the admission to guilt in fact. And as Ross points out, between the dissent and majority opinion, once you admit to guilt in fact, you could go to sentencing after that if you violated the agreement. So it seems to show that you could just, that's all that's needed at that point. But it leaves room for the prosecution to add additional charges in case the deal is violated. Otherwise, you admit it to guilt in fact, and it proceeds to sentencing. Under State v. Ross, there's a case that Petitioner cited in their reply brief. Does the agreement refer back specifically to the information? It does not mention the information, no. Does that make a difference? I don't believe it does. Why not? Because these were all signed on the same day. They're all part of the same proceeding. Information, transcript, admit to guilt in fact to the charge in that document, the charge listed in the agreement. But your argument, I thought, is that there's only one thing it could be referring to. That information, correct. And that the information sets forth facts, including the fact that he went to Fayetteville to meet up with her, as I understand it. But as I understand, your position is that in the agreement, the only thing, the only antecedent that the agreement could be referring to or relating back to are the facts that are set forth in the information. There's really no alternative explanation. Correct. Yes, it's the information, it's a charging document in this case, which is what makes it different from a conditional discharge in a North Carolina law, which is just a different stage of proceedings. In a deferred prosecution, you have the charging document, and that charging document can be dismissed if you complete your deal. Whereas a conditional discharge charging document is there, but also a plea of guilty usually. And that can be discharged if you commit or complete your deal. It's just enacted for different stages of proceedings, but it always pertains to those facts that were alleged before. In this case, it was the facts alleged in the information. And if the panel has no more questions on conviction, I'll move on to sexual abuse of a minor. Petitioner argues that his crime of soliciting an individual he believed to be under 14 does not constitute attempted sexual abuse of a minor. However, Petitioner, before the Board in his opening brief, concedes that solicitation of someone under 14 to commit an unlawful sex act constitutes sexual abuse of a minor. He also concedes that an attempt to commit an aggravated felony is an aggravated felony. So if he concedes that soliciting someone under 14 to commit an unlawful sex act is an aggravated felony, then the attempt to do that aggravated felony, he must concede that satisfies his removability. Simply an attempt to do what he concedes is the underlying aggravated felony. All right. Thank you, sir. Henry, do you have any questions? No. Okay. Ms. Parsonage. Judge Diaz, I'd like to just briefly address a question that you asked of the respondent, which was that would the documents of record, in this case, support the guilty plea in North Carolina? The answer to that is an unequivocal no. North Carolina General Statute 15A, 1022C, requires that there be an independent factual basis for a plea. So the answer to that question is definitely it would not. You're one of federal law rather than one of North Carolina law? The law under the law surrounding Rule 11 and the acceptance of a guilty plea in federal court mirrors the same requirement. There has to be a factual basis. There has to be an admission of facts on the record, which is. . . But what's alleged in the information are facts. But my client did not stipulate or agree expressly to those facts anywhere in the record. That's a very cagey interpretation of the agreement, isn't it? I don't think it's cagey at all, Your Honor. I certainly don't mean it to be that way. In the agreement, it says any stipulation of facts. It doesn't say these stipulation of facts. And I disagree with my colleague when he said that the only interpretation of that is that they are stipulating to the information. It is possible that that stipulation is to no facts. It says any. Any implies or none. It's saying if I stipulate to any facts, they may be used. It doesn't say I stipulate to the facts or to the information. And I think I disagree that that is a nice interpretation. Perhaps there was a stipulation intended that was never entered into. If that is the case, then certainly if this were a case where there had been a stipulation of facts, I agree with my colleague that there are many instances where a deferred prosecution in North Carolina constitutes a conviction. And that is where there has been a signature on a document acknowledging guilt, which is one very common in some counties in North Carolina. It did not happen here. The position seems to be that he didn't stipulate to anything at all. That's right. He stipulated to no facts and certainly not sufficient facts to warrant a finding of guilt. He didn't have to for purposes of accepting the deferred prosecution agreement, right? It's not required by statute or by the procedure that was followed here. The North Carolina deferred prosecution statute does not require an entry of guilt or an admission of guilt. So it was not necessary for this procedure for him to do so, unlike a conditional discharge. What meaning did the deferred prosecution agreement have? A deferred prosecution agreement in North Carolina offers the defendant the opportunity to have all charges dismissed on successful completion upon failure to complete a deferred prosecution. The defendant has the option to go to trial. They have not foreclosed the option to go to trial. It does not move straight to sentencing, as it does in a conditional discharge, because there has been no finding of guilt. So the defendant could have chosen the full rights of a jury trial had he failed this, which he did not. If there's no further questions on that, I just wanted to just briefly readdress the Larios-Reyes definition, a generic definition of a sexual abuse of a minor, which has, and this court has stressed, an absolute requirement that there be a purpose associated with sexual gratification. Nothing in the North Carolina statute or the attendant jury instructions, which I have submitted to the court, has a requirement that this be done for the purpose of sexual gratification. I think it's informative to note that this is part of Article 26 of the North Carolina Criminal Code. It was not made part of the Article 7b Rape and Other Sex Offenses statute. But even more instructive, I think, if we look at 14, may I just finish my sentence, Your Honor, we're out of time. Go ahead. Okay. In that same Article 26, we have 14-202, 202.1, 202.2, then this statute, and then 202.4, all the other statutes in that subsection. The North Carolina legislature saw fit to include the words for the purpose of sexual gratification. They did not do so in this particular statute. And we have to assume that when the legislature did what it did, that they knew what they were doing and that they meant what they said and said what they meant. Thank you. Thank you, Your Honor.
judges: J. Harvie Wilkinson III, Albert Diaz, Henry F. Floyd